UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
MICHAEL SPATARO,                   :
                                   :
         Petitioner,               :   Civ. No. 15-1736 (NLH)
                                   :
    v.                             :   OPINION
                                   :
JORDAN HOLLINGSWORTH,              :
                                   :
         Respondent.               :
_____:

APPEARANCES:
Michael Spataro, #43392-053
FCI Fort Dix
P.O. BOX 2000
Fort Dix, NJ 08640
    Petitioner, Pro se

HILLMAN, District Judge

    Petitioner Michael Spataro, a prisoner confined at Federal Correctional Institution Fort Dix in Fort Dix, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241.

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the

proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit a complete application for leave to proceed in forma pauperis.  Specifically, Petitioner failed to submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. See L. Civ. R. 81.2(b). Additionally, Petitioner certifies that he receives gifts in the amount of $100.00 per week and that he owns property valued at $1,000,000.00.  Therefore, Petitioner has not established that he is unable to pay the fees and costs of the proceedings pursuant to Local Civil Rule 81.2(b), and his request to proceed in forma pauperis is denied.

Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by paying the filing fee.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to re-open within 30 days by prepaying the filing fee.  An appropriate Order will be entered.

                                  ___s/ Noel L. Hillman_____
                                  NOEL L. HILLMAN
                                  United States District Judge

Dated: April 20, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).