RECEIVED

JUL 1 - 2015

NOEL L. HILLMAN
U.S. DISTRICT ⋯

Michael Spataro,
43392-053
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640-5433

June 29, 2015

In the Chambers of the
Honorable Noel L. Hillman
United States District Court
District of New Jersey,
Camden
400 Cooper Street
Room 1050
Camden, NJ 08102-1570

Re: Spataro V. Hollingsworth, No. 1:15-CV-01736,

    Informal Motion to Supplement/Amend the initial Pleading
    Renewal of Motion Requesting Appointment of Counsel

Honorable Judge Noel L. Hillman,

    In light of the fact that this court has yet to address the initial pleading in this matter, Petitioner humbly requests leave to, via this informal letter/motion, 1) supplement the initial argument, as to Rosemond's appliciability, where recent concessions by the United States bear consideration in terms of jurisdiction being proper in this court thus warranting development of the record as opposed to summary denial, and 2) renew a plea for appointment of counsel where, in light of new authorities, only recently available to Petitioner, the interest of justice require said appointment and such appointment would, in the end, aid this court in weighing the claim.

Concessions Made by the United States
Concerning the Supreme Court's Decision in Rosemond.

    The United States, specifically the United States Attorney of the Eastern District of Wisconsin, in Greene V. United States, Case No. 14-C-431, argued/conceded, in response to Greene's petition for relief that:

"<u>Rosemond</u> announced a substantive rule that is retroactively applicable to cases on collateral review. The decision defines aiding and abetting a violation of Section 924(c) in a manner that creates the risk that individuals convicted before <u>Rosemond</u> were convicted of a nonexistent offense. In this way, <u>Rosemond</u> is similar to <u>Bailey V. United States</u>, 516 U.S. 137 (1995), which narrowly construed an element of a crime and which has since been held substantive and retroactive. See <u>Bousley V. United States</u>, 523 U.S. 614, 620 (1998)." Case No. 2:14-CV-00431-RTR. Entry #13, copy included herewith, Exhibit "A".

Here, in the instant petition, Petitioner has, exactly like Greene, asserted a claim of actual innocence underscored by an assertion that, after <u>Rosemond</u>, he stands now convicted of a nonexistent offense.

In a similar situation, in <u>Davis V. Cross</u>, Case No. 15-CV-00169-DHR, in the Southern District of Illinois, the district court found that in light of the Government's concessions, not only in <u>Greene</u>, but in <u>Montana V. Cross</u>, Case No. 14-CV-1019, S.D.Ill. Oct. 10, 2014, which was denied, but is now on appeal, (See <u>U.S.C.A.-7, 14-03313</u>) where the Government, in its brief, conceded retroactivity, concluded that the landscape of law was such that it refused to summarily dismiss Davis' petition and ORDERED the government to respond. See <u>Davis V. Cross</u>, 2015 U.S. Dist LEXIS 31946

Therefore, based on these recent developments and their respective authorities, petitioner begs of this court to permit development of the record by ORDERING the Respondent to address the claim raised in the petition.

Renewal of Motion for
Appointment of Counsel

In light of the aforementioned cases, <u>Greene</u>, <u>Montana</u>, and <u>Davis</u>, Petitioner renews his plea for appointment of counsel to permit a more focused argument in favor of the petition as was permitted in <u>Greene</u>. Petitioner here argues that to do so would further the ends of justice and more importantly, aid the court in understanding the claim asserted. Petitioner asserts that he is unable to burden the expense of retaining counsel and refers the court to the earlier filed affidavit in forma paupris. Docket entry #2.

Respectfully submitted,

*Micheal Spataro*
Micheal Spataro

EXHIBIT "A"



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Wisconsin*

*Federal Courthouse*     *(414)297-1700*
*517 E. Wisconsin Ave, Rm 530*     *Fax (414) 297-1738*
*Milwaukee WI 53202*     *www.justice.gov/usao/wie*

November 18, 2014

The Honorable Rudolph T. Randa
United States District Judge
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

       Re:     *Greene v. United States*
                 Case No. 14-C-431

Dear Judge Randa:

       Please accept this as the government's response to Glynnis Greene's amended motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 ("Section 2255"). For substantially the reasons outlined in her memorandum in support of the motion, Greene is entitled to relief under Section 2255 in light of the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014).

       The Supreme Court in *Rosemond* addressed the intent required to convict someone of aiding and abetting the crime of using a gun in connection with a crime of violence under 18 U.S.C. § 924(c) ("Section 924(c)"). The Court held that the intent requirement is satisfied "when a person actively participates in a criminal venture with full knowledge of the circumstances constituting the charged offense." *Id.* at 1248-49. Accordingly, to aid and abet a violation of Section 924(c), the defendant's intent must extend to the "full scope" of the crime, namely the "predicate crime plus gun use." *Id.* at 1248. When a defendant's affirmative act facilitates only the predicate crime, such as a bank robbery, he nonetheless has the requisite intent if "he knows that one of his confederates will carry a gun." *Id.* at 1249.

       *Rosemond* announced a substantive rule that is retroactively applicable to cases on collateral review.[1] The decision defines aiding and abetting a violation of Section 924(c) in a manner that creates the risk that individuals convicted before *Rosemond* were convicted of a nonexistent offense. In this way, *Rosemond* is similar to *Bailey v. United States*, 516 U.S. 137 (1995), which narrowly construed an element of a crime and which has since been held substantive and retroactive. *See Bousley v. United States*, 523 U.S. 614, 620 (1998).

---

[1] The Supreme Court decided *Rosemond* March 5, 2014. Greene filed her Section 2255 motion well within one year of the decision. *See* 28 U.S.C. § 2255(f)(3).

Greene concedes that she failed to raise a *Rosemond*-like challenge in a direct appeal. Memorandum, p. 11. As a general rule, federal courts will not review a procedurally defaulted claim unless the defendant can show either (1) cause for the default and actual prejudice from the error, or (2) that the court's failure to consider the claim will result in a miscarriage of justice because the defendant is "actually innocent." *See Bousley*, 523 U.S. at 622. Where a defendant has been convicted based on conduct that, in light of *Rosemond*, does not amount to aiding and abetting a Section 924(c) violation, the defendant is actually innocent of the offense because her conduct was not a crime. *See generally House v. Bell*, 547 U.S. 518, 536-40 (2006) (reaffirming that actual innocence of a crime excuses a default).

If the government could now prove that Greene had the requisite knowledge for an aiding and abetting conviction, an evidentiary hearing might be in order. *Bousley*, 523 U.S. at 624. However, principally due to the passage of time, the government is not in a position to construct such a case. And the government agrees that the existing record does not establish that the defendant's intent extended to the "full scope" of the robbery crime, namely the "predicate crime plus gun use." *Rosemond*, 134 S.Ct. at 1248. The idea for the robbery may have originated with Greene (who worked at the victim-bank), but she was not part of the pre-robbery meet-up and was in the bathroom when the robbery actually took place. The information she passed along to her co-actors included the fact that the security guard was typically unarmed, which could support an inference that Greene thought a firearm would be unnecessary.

For all of these reasons, the respondent concedes that Greene's Section 924(c) conviction in *United States v. Greene*, No. 08-CR-124, should be vacated.

*Rosemond* dealt with aiding and abetting liability under Section 924(c) and 18 U.S.C. § 2. Whether *Rosemond* also requires vacating Greene's conviction in 08-CR-124 for aiding and abetting a violation *of Section 2113(d)* is largely an academic question. That is because the 46-month sentence on the Section 2113(d) count was made concurrent with Greene's 46-month sentence for bank robbery under 18 U.S.C. § 2113(a) in *United States v. Greene*, No. 08-CR-83. Thus, whether the Court vacates both of the convictions in 08-CR-124 or only the Section 924(c) conviction, Greene will be a free woman. And in either event, she will remain a convicted bank robber and will be subject to the supervised-release term in 08-CR-83.

Respectfully submitted,

JAMES L. SANTELLE
United States Attorney

By:

s/JONATHAN H. KOENIG
Assistant United States Attorney
Jonathan H. Koenig Bar No. 1045517
Attorney for Plaintiff
United States Attorney's Office
517 E. Wisconsin Avenue #530

Michael Spataro,
43392-053
Federal Correctional Institution
P.O. Box 2000
Joint Base, NJ 08640-5433



TRENTON NJ 085

29 JUN 2015 PM 3 L

Honorable Noel L. Hillman
United States District Court
District of New Jersey
400 Cooper Street
Room 1050
Camden, NJ 08102-1570

08102157000