UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
MICHAEL SPATARO,                   :
                                   :
            Petitioner,            :     Civ. No. 15-1736 (NLH)
                                   :
      v.                           :     OPINION
                                   :
JORDAN HOLLINGSWORTH,              :
                                   :
            Respondent.            :
_____:

APPEARANCES
Stephen Turano
60 Park Place, Suite 703
Newark, NJ 07102
      Counsel for Petitioner

Anne B. Taylor
Office of the United States Attorney
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
      Counsel for Respondent

HILLMAN, District Judge

      Petitioner Michael Spataro, a prisoner currently confined

at the Federal Correctional Institution at Fort Dix, New Jersey,

has submitted a Petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241.  This matter is presently before the Court

upon Respondents' Motion to Dismiss. (ECF No. 14).  For the

reasons set forth below, the Motion will be GRANTED and the

Petition will be dismissed without prejudice.

I.   <u>BACKGROUND</u>

On February 14, 2006, Petitioner was convicted by a jury in the Eastern District of New York of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), and use of a firearm in connection with the above-mentioned offenses, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  Petitioner appealed his conviction and sentence.  The Court of Appeals for the Second Circuit affirmed the judgment of the district court, but vacated and remanded to the district court for resentencing with instructions to provide reasons for imposing a sentence which was above the guideline range provided by the Sentencing Guidelines. <u>See</u> <u>United States v. Persico</u>, 293 F. App'x 24, 27 (2d Cir. 2008).  Petitioner then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on June 22, 2009. <u>Spataro v. United States</u>, 557 U.S. 926, 129 S. Ct. 2845, 174 L. Ed. 2d 565 (2009).

On resentencing, the United States District Court for the Eastern District of New York adhered to the previously imposed sentence of 170 months imprisonment on Count Three, to run consecutively with Petitioner's concurrent sentences on Counts One and Two, totaling 338 months imprisonment. <u>United States v. Spataro</u>, No. 04 CR 911, 2009 WL 792045, at *2 (E.D.N.Y. Mar. 20,

2

2009).  Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 which was denied by the United States District Court for the Eastern District of New York. <u>Spataro v. United States</u>, No. 10 CV 2668, 2013 WL 618426, at *1 (E.D.N.Y. Feb. 19, 2013).

On or about March 9, 2015, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner names as party respondent, Warden Jordan Hollingsworth, as the person having custody over him pursuant to 28 U.S.C. § 2242.

In his Petition, Petitioner asserts that he is actually innocent of the aiding and abetting § 924(c) offense for which he was convicted, in light of the Supreme Court's decision in <u>Rosemond v. United States</u>, 134 S. Ct. 1240, 188 L. Ed. 2d 248 (2014). (Pet. 14, ECF No. 1) (the "<u>Rosemond</u> claim").  Petitioner further asserts that the Supreme Court's decision in <u>Rosemond</u> is in direct conflict with the commonly given <u>Pinkerton</u> instruction, <u>see</u> <u>Pinkerton v. United States</u>, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946), which was presented to the jury in Petitioner's case.[1] (Pet. 21, ECF No. 1) (the "<u>Pinkerton</u> claim").

_____

[1] A more detailed discussion of the Supreme Court's holdings in <u>Rosemond</u> and <u>Pinkerton</u> is provided below.

In an Order dated July 2, 2015, the Court required an Answer from Respondent, and specifically directed Respondent to address the effect and potential retroactive application of the Supreme Court's decision in Rosemond.  On October 23, 2015, upon permission from the Court, Respondent filed a Motion to Dismiss in lieu of filing a full and complete Answer. (ECF No. 14). Respondent argues that the Petition should be dismissed for lack of subject matter jurisdiction because the Court's holding in Rosemond did not announce a new rule of law which would afford Petitioner the relief he seeks. (Resp't 6-7, ECF No. 14-1). Additionally, Respondent asserts that this Court lacks subject matter jurisdiction because "Petitioner could have [previously] raised his argument about the alleged incompatibility between Pinkerton liability and aiding and abetting liability[.]" (Id. at 7).

Petitioner, who obtained counsel subsequent to the initial filing of his Petition, filed a Response in Opposition to Respondent's Motion (ECF No. 19), and Respondent filed a Reply (ECF No. 21).

## II.   STANDARDS OF REVIEW

### A. Motion to Dismiss under Rule 12(b)(1)

Pursuant to the Federal Rule of Civil Procedure 12(b)(1), a claim can be dismissed for "lack of jurisdiction over the subject matter."  A motion to dismiss of this type may be

asserted at any time in a case. In re Kaiser Group Int'l, Inc., 399 F.3d 558, 565 (3d Cir. 2005).

There are two types of Rule 12(b)(1) motions: one which presents a facial challenge, and one which presents a factual challenge. See Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  A "facial attack" assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction. Mortensen, 549 F.2d at 891.  "When considering a facial attack, 'the Court must consider the allegations of the complaint as true,' and in that respect such a Rule 12(b)(1) motion is similar to a Rule 12(b)(6) motion." Petruska, 462 F.3d at 302 n.3 (citing Mortensen, 549 F.2d at 891).

If the defendant's attack is facial, "the Court . . . may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ., 563 F. Supp. 2d 474, 479-80 (D.N.J. 2008) (citing Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983) and Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 438 (D.N.J. 1999)); see also Mount v. Shikmus,

No. 15-1734, 2016 WL 344524, at *2 (D.N.J. Jan. 27, 2016)
(same).

> By contrast, when an attack is a factual attack,
>
> there is substantial authority that the trial court is
> free to weigh the evidence and satisfy itself as to
> the existence of its power to hear the case.  In
> short, no presumptive truthfulness attaches to
> plaintiff's allegations, and the existence of disputed
> material facts will not preclude the trial court from
> evaluating for itself the merits of jurisdictional
> claims.  Moreover, the plaintiff will have the burden
> of proof that jurisdiction does in fact exist.

Mortensen, 549 F.2d at 891.

Here, Respondent has not stated whether his Rule 12(b)(1)
motion is a facial or factual attack.  Further confusing
matters, the cases cited by Respondent involve both types of
challenges — facial and factual — to subject matter
jurisdiction. Compare Kalick v. United States, 35 F. Supp. 3d
639 (D.N.J. 2014) aff'd, 604 F. App'x 108 (3d Cir. 2015) cert.
denied, 136 S. Ct. 141, 193 L. Ed. 2d 106 (2015) (involving a
facial attack); with A.D. v. Haddon Heights Bd. of Educ., 90 F.
Supp. 3d 326, 334 (D.N.J. 2015) (involving a factual attack).
The precise form of the challenge under 12(b)(1) is significant
because, as set forth above, the standard of review for a facial
and factual attack "differs greatly." Mortensen, 549 F.2d at
891.

Given the facts of this case, the Court concludes that
Respondent has asserted a facial attack pursuant to FED. R. CIV.

P. 12(b)(1).  As an initial matter, "[a] factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted." Mortensen, 549 F.2d at 892 n.17.  Because Respondent filed this Motion to Dismiss prior to filing an Answer to the Petition, Plaintiff's allegations have not been controverted and Respondent's attack is considered a facial challenge. See Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (holding that a 12(b)(6) motion filed prior to any answer was, "by definition, a facial attack"); Kalick, 35 F. Supp. 3d at 644 (citing Cardio-Med. Associates, Ltd., 721 F.2d at 75) ("A motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) which is filed prior to answering the complaint is considered a 'facial challenge' to the court's subject matter jurisdiction.").

Moreover, Respondent's motion alleges that the particular circumstances of Petitioner's case do not fit within the narrow "safety valve" of § 2255, discussed below. (Resp't 12, ECF No. 14-1).  Therefore, Respondent does not hinge its jurisdictional argument on an assertion that the factual allegations of the Petition are untrue; but rather Respondent contends that the allegations of the Petition, even if true, do not set forth a claim that is within this Court's jurisdiction.  Such a challenge is a facial challenge. See, e.g., Jamal v. Kane, 96 F.

Supp. 3d 447, 452 (M.D. Pa. 2015) (citations omitted)

(explaining difference between facial and factual challenges).[2]

   B. Jurisdiction - § 2241 as "Safety Valve" to § 2255

      "It is axiomatic that federal courts are courts of limited

jurisdiction, and as such are under a continuing duty to satisfy

themselves of their jurisdiction before proceeding to the merits

of any case." Packard v. Provident Nat. Bank, 994 F.2d 1039,

1049 (3d Cir. 1993) (citations omitted), cert. denied, 510 U.S.

946 (1993); see also Gunn v. Minton, 133 S.Ct. 1059, 1064

(2013); Bender v. Williamsport Area School District, 475 U.S.

534, 541 (1986).  Here, Petitioner has asserted jurisdiction

pursuant to 28 U.S.C. § 2241 under the "safety valve" of 28

U.S.C. § 2255.

      As noted by the Court of Appeals for the Third Circuit in

In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to

vacate, set aside, or correct sentence under 28 U.S.C. § 2255

---

[2] The Court notes that Respondent has attached declarations and
exhibits to his Motion. (ECF Nos. 14-5, 14-6).  However, because
the instant Motion was filed prior to the filing of an Answer
and is being construed as a facial attack, the Court will
consider "only whether the allegations on the face of the
[Petition], taken as true, allege facts sufficient to invoke the
jurisdiction of the district court." Licata v. U.S. Postal
Serv., 33 F.3d 259, 260 (3d Cir. 1994).  Further, the
declarations provided, see (ECF Nos. 14-2 & 14-5), do not
dispute the allegations of the Petition; and, instead, provide
calculations regarding Petitioner's sentence and projected
release date, and attest to the accuracy of certain transcripts.

has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective"

in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. <u>Id.</u> at 251-52.

The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. <u>See</u> <u>Cradle v. United States</u>, 290 F.3d 536, 539 (3d Cir. 2002).[3]  Rather, under <u>Dorsainvil</u> and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. <u>See</u> <u>Dorsainvil</u>, 119 F.3d at 251-52; <u>Cradle</u>, 290 F.3d at 539; <u>Okereke</u>, 307 F.3d at 120; <u>Trenkler v. Pugh</u>, 83 F. App'x 468, 470 (3d Cir. 2003).

---

[3] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

III. <u>ANALYSIS</u>

As set forth above, Respondent's arguments in support of his Motion to Dismiss are two-fold.  First, Respondent argues that the Petition should be dismissed for lack of subject matter jurisdiction because the Court's holding in <u>Rosemond</u> did not announce a new rule of law which would afford Petitioner the relief he seeks. (Resp't 6-7, ECF No. 14-1).  Next, Respondent asserts that this Court lacks subject matter jurisdiction because "Petitioner could have [previously] raised his argument about the alleged incompatibility between <u>Pinkerton</u> liability and aiding and abetting liability[.]" (<u>Id.</u> at 7).  The Court will address each argument in turn.

A. <u>Rosemond Claim</u>

The Third Circuit has explained that:

> In <u>Rosemond</u>, the Supreme Court clarified the standard for showing that a defendant aided and abetted a § 924(c) offense, holding that the government must prove that "the defendant actively participated in the underlying ... violent crime with <u>advance knowledge</u> that a confederate would use or carry a gun during the crime's commission." 134 S.Ct. at 1243 (emphasis added). The Court explained that advance knowledge of the use of a firearm was necessary so that a defendant would have the opportunity to choose whether to continue with the crime or withdraw. <u>Id.</u> at 1249.

<u>Tawalebah v. Warden Fort Dix FCI</u>, 614 F. App'x 46, 48 (3d Cir. 2015) (footnote omitted) (emphasis in original).

In his Motion to Dismiss, Respondent does not address the retroactivity of <u>Rosemond</u>.  Instead, Respondent contends that

11

the Petition does not fit within the narrow "safety valve" of §
2255, and thus this Court lacks jurisdiction, because the rule
announced in <u>Rosemond</u> does not negate the crime for which
Petitioner was convicted. (Resp't 12, ECF No. 14-1).  More
specifically, Respondent asserts that the standard used to prove
aiding and abetting a firearms offense in the Second Circuit was
more stringent, not less, than the rule announced in <u>Rosemond</u>.
(<u>Id.</u>).

     In his Opposition, Petitioner argues that <u>Rosemond</u> did not
make the standard of proof easier, but instead "added another
element that the government must prove before a defendant can be
convicted of the crime." (Pet'r's Opp'n 3, ECF No. 17).
Petitioner asserts that the decision in <u>Rosemond</u> "imposed an
additional burden on the government to prove advanced knowledge,
effectively making it much more difficult to convict." (<u>Id.</u>).

     In his Reply submission, Respondent states that "[t]he jury
in Petitioner's case was instructed that, consistent with Second
Circuit law at the time of trial, 'the defendant must have
actively assisted the other person in using or carrying the
firearm so that he could commit the specific crime of violence
charged in the indictment.'" (Resp't's Reply 1-2, ECF No. 21)
(citing (Trial Tr. 1230:24-1231:2, Charge, Resp't's Ex. A, ECF
No. 14-6)).  Respondent asserts that "[t]he active assistance in
using or carrying a firearm to commit a crime of violence

necessarily implies an intent or advanced knowledge that a firearm will be used[,]" and Respondent cites to recent cases from the Second Circuit in support of this proposition. (Id.) (citing United States v. Young, 561 F. App'x 85, 92 (2d Cir.) cert. denied, 135 S. Ct. 387, 190 L. Ed. 2d 273 (2014) and cert. denied sub nom. Chambliss v. United States, 135 S. Ct. 388, 190 L. Ed. 2d 274 (2014) and Qadar v. United States, No. 13-CV-2967, 2014 WL 3921360, at *14 (E.D.N.Y. Aug. 11, 2014), appeal dismissed (Jan. 28, 2015)).  This Court agrees with Respondent and applies the analysis set forth in relevant Second Circuit case law.

The Second Circuit has held that "[b]y finding that [a defendant] encouraged the 'actual using, carrying of, or possession' of a firearm in the [commission of the crime], the jury necessarily also had to find that he had advance knowledge of the firearm-related conduct, consistent with the Supreme Court's explication in Rosemond." Young, 561 F. App'x at 92; see also Qadar, No. 13-CV-2967, 2014 WL 3921360, at *14.  Although the decisions of the Second Circuit are not binding on this Court, this Court finds the analysis persuasive in determining whether the Rosemond decision negates the crime for which Petitioner was actually tried and convicted.

As Respondent points out, the jury in Petitioner's case was instructed that, to find Petitioner guilty under the aiding and

abetting rule, it had to find that Petitioner "actively assisted
the other person in using or carrying the firearm so that he
could commit the specific crime of violence charged in the
indictment." (Trial Tr. 1230:24-1231:2, Charge, Resp't's Ex. A,
ECF No. 14-6).  Thus, the language utilized in the jury
instruction incorporates the foreknowledge Rosemond requires.
Contrary to Petitioner's assertions, the Second Circuit aiding
and abetting evidentiary standard — which required not just
"advanced knowledge" of, but "active assistance" in using or
carrying a firearm — was higher than the standard set forth in
Rosemond. See, e.g., (Charge Tr. 1232:22-24) (instructing that
just must find that Petitioner "performed some act that directly
facilitated or encouraged the perpetrator in the use or carrying
of a firearm").  By finding Petitioner guilty under an aiding
and abetting standard, the jury necessarily found all the
elements Rosemond would have required.[4]  Accordingly, because
Rosemond does not represent a retroactive change in the law

---

[4] To the extent Petitioner argues that there was "[n]othing in
the record [which] would support a determination that Petitioner
knew, beforehand, that a gun, any gun, would be used to effect
the attempted killing of [the victim]" (Pet. 15, ECF No. 1),
such a claim is more accurately framed as a challenge to the
sufficiency of the evidence at trial. See also (Pet'r's Opp'n 2,
ECF No. 19) ("Here, the record from Petitioner's original
conviction contains no evidence that could suggest [Petitioner]
was aware a gun would be used or carried by his confederate
until after the crime was committed.").  That type of claim does
not squarely fall within the safety valve to § 2241, and instead
is more appropriately raised in a motion pursuant to § 2255.

which negates the criminality of his conduct, Petitioner's claim does not fit within the <u>Dorsainvil</u> exception, and it must be dismissed. <u>See</u> <u>Dorsainvil</u>, 119 F.3d at 251-52.

   B. <u>Pinkerton</u>

   The Supreme Court's holding in <u>Pinkerton</u> permits the conviction of a defendant for acts by a co-conspirator that were "done in furtherance of the conspiracy" and that could have been "reasonably foreseen as a necessary or natural consequence" of the conspiracy. <u>Pinkerton v. United States</u>, 328 U.S. 640, 647-48, 66 S. Ct. 1180, 1184, 90 L. Ed. 1489 (1946).

   As his second argument in support of his Motion to Dismiss, Respondent asserts that Petitioner's argument as it pertains to <u>Pinkerton</u> should be dismissed because "the same discordance identified by Petitioner between <u>Pinkerton</u> and the 'aiding and abetting' standard of proof existed at the time of his conviction under Second Circuit aiding and abetting law, and he could have made that argument on direct appeal or via a petition pursuant to Section 2255." (Resp't 19, ECF No. 14-1).

   In his Petition, Petitioner objects to the "broad reach" of <u>Pinkerton</u> liability, and asserts that it is in "conflict[] with the teachings of <u>Rosemond</u> and creates a high risk that defendants charged with aiding and abetting 924(c) offenses will be convicted for a crime that, 'as a matter of law' [they] did not commit." (Pet. 24, ECF No. 1).  More specifically,

Petitioner explains that the requirement in Rosemond — that a defendant must have "advanced knowledge" that a confederate would use or carry a firearm — is in conflict with the Pinkerton instruction — which requires only that it is "reasonably foreseeable" that a co-conspirator would use or carry a firearm. However, as discussed above, the aiding and abetting instruction given at trial utilized an even stricter evidentiary standard than that introduced by Rosemond.  Therefore, to the extent Petitioner asserts that a "conflict" exists between Pinkerton liability and the "teachings of Rosemond," this same conflict existed to an even greater degree between Pinkerton liability and the aiding and abetting theory used at the time of his initial trial.  In other words, if Petitioner now takes issue with the difference between Pinkerton's "reasonable foreseeability" and Rosemond's "advanced knowledge" requirement, then Petitioner certainly could have taken issue with the difference between Pinkerton's "reasonable foreseeability" and the "active assistance" requirement imposed at his trial.

Because the same "conflict" identified in the instant Petition existed at the time of Petitioner's trial, Petitioner had an earlier opportunity to seek judicial review of this claim; and he cannot satisfy the third prong of Dorsainvil.  See Dorsainvil, 119 F.3d at 251-52.  For this reason, the claim will be dismissed.

16

Further, to the extent Petitioner argues that <u>Pinkerton</u> is insufficient and constitutionally deficient in light of the Supreme Court's holding in <u>Rosemond</u> (Pet. 21-24, ECF No. 1), his claim fails.  In his Petition, Petitioner asserts that "after <u>Rosemond</u> the <u>Pinkerton</u> liability rule of law now must be tempered to exclude applicability to 'aiding and abetting[]' a § 924(c) offense for in some light, <u>Rosemond</u> does overrule <u>Pinkerton</u> albeit the Supreme Court not expressly stating so." (Pet. 24, ECF No. 1).  However, the holdings in <u>Rosemond</u> and <u>Pinkerton</u> address two distinct and separate theories of vicarious liability. <u>Compare</u> <u>Rosemond</u>, 134 S. Ct. at 1251 (holding that conviction of aiding and abetting offense of using firearm requires government to prove advance knowledge of the firearm) <u>with</u> <u>Pinkerton</u>, 328 U.S. at 646-48 (permitting conviction of a defendant for acts by a co-conspirator that were "done in furtherance of the conspiracy" and that could have been "reasonably foreseen as a necessary or natural consequence" of the conspiracy).  Indeed, the Third Circuit has noted that a conviction under a theory of vicarious liability pursuant to <u>Pinkerton</u> serves as an "alternate basis" for conviction. <u>Tawalebah</u>, 614 F. App'x at 49 n.2.

Because <u>Pinkerton</u> and <u>Rosemond</u> address two separate theories of liability, there has been no intervening change in law and the "safety valve" to § 2255 does not apply to

Petitioner's <u>Pinkerton</u> claim. <u>See</u> <u>Okereke</u>, 307 F.3d at 120.
Petitioner's conclusory statement that "<u>Rosemond</u> does overrule
<u>Pinkerton</u>" (Pet. 24, ECF No. 1), is unsupported and without
merit.   Petitioner has failed to bring his <u>Pinkerton</u> claim
within the <u>Dorsainvil</u> rule and this Court lacks jurisdiction to
consider it under § 2241.

  C. <u>Transfer</u>

     Petitioner's claims, once severed from the instant
Petition, would be more appropriately characterized as a second
or successive motion under § 2255, which Petitioner has not
received authorization to file[5], and over which this Court also
lacks jurisdiction.   If a "second or successive" habeas petition
is filed in the district court without authorization from the
appropriate court of appeals, the district court may dismiss for
lack of jurisdiction or transfer the petition to the court of
appeals pursuant to 28 U.S.C. § 1631. <u>See</u> <u>Padilla v. Miner</u>, 150
F. App'x 116 (3d Cir.2005); <u>Littles v. United States</u>, 142 F.
App'x 103, 104 n. 1 (3d Cir.2005) (citing <u>Robinson v. Johnson</u>,
313 F.3d 128, 139 (3d Cir.2002), cert. denied, 540 U.S. 826, 124
S. Ct. 48, 157 L.Ed.2d 49 (2003)).   However, because § 2244(b)
is effectively "'an allocation of subject-matter jurisdiction to

---

[5] Petitioner makes no allegation that he sought, or received,
permission from the Second Circuit to file a second or
successive motion under § 2255.

the court of appeals,'" <u>Robinson v. Johnson</u>, 313 F.3d at 140
(quoting <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th
Cir.1996)), a district court may dismiss such a petition only
without prejudice. <u>See</u> <u>Ray v. Eyster</u>, 132 F.3d 152, 155–56 (3d
Cir.1997).

As Petitioner has already filed a § 2255 motion in the
district court for the Eastern District of New York, <u>see</u> <u>Spataro</u>
<u>v. United States</u>, No. 10 CV 2668, 2013 WL 618426 (E.D.N.Y. Feb.
19, 2013), and cannot file a second or successive motion without
leave of the appropriate Court of Appeals, this Court must
determine whether transfer of this Petition to the Court of
Appeals for the Second Circuit, for consideration as an
application for leave to file a "second or successive" petition,
would be in the interest of justice.  Under 28 U.S.C. §§ 2244
and 2255, the Court of Appeals may authorize the filing of a
second or successive § 2255 motion only if it contains "(1)
newly discovered evidence that, if proven and viewed in light of
the evidence as a whole, would be sufficient to establish by
clear and convincing evidence that no reasonable factfinder
would have found the movant guilty of the offense, or (2) a new
rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously
unavailable." 28 U.S.C. § 2255.

In this case, Petitioner's _Rosemond_ and _Pinkerton_ claims do not allege as a ground for relief any of those for which a court of appeals may authorize the filing of a second or successive § 2255 petition.  With respect to his _Rosemond_ claim, as set forth above, the Second Circuit has held that "[b]y finding that [a defendant] encouraged the 'actual using, carrying of, or possession' of a firearm in the [commission of the crime], the jury necessarily also had to find that he had advance knowledge of the firearm-related conduct, consistent with the Supreme Court's explication in _Rosemond_." _Young_, 561 F. App'x at 92; see also _Qadar_, 2014 WL 3921360, at *14.  Thus, transfer of Petitioner's _Rosemond_ claim would not be in the interest of justice.

Likewise, transfer of Petitioner's _Pinkerton_ claim would not be in the interest of justice.  As an initial matter, and as stated earlier, the Supreme Court's decision in _Rosemond_ did not set forth a new rule of law with respect to theory of liability outlined in _Pinkerton_.  The Second Circuit has explicitly held that _Pinkerton_ represents an alternative theory of guilt. _See, e.g., Young_, 561 F. App'x at 92 (noting that even if there had been error regarding aiding and abetting under _Rosemond_, any such error was harmless because evidence supported petitioner's liability under _Pinkerton_); _Qadar_, 2014 WL 3921360, at *14 n.10

(noting that <u>Pinkerton</u> represents a separate theory of liability than aiding and abetting under <u>Rosemond</u>).

For these reasons, it would not be in the interest of justice to transfer the instant Petition, framed as a second or successive § 2255 petition, to the Court of Appeals for the Second Circuit.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 14) is GRANTED and the Petition will be dismissed without prejudice for lack of jurisdiction.

An appropriate Order follows.


_s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: July 21, 2016
At Camden, New Jersey